IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES ELMER GROSS, SR.,

      Plaintiff,

  vs.

MICHAEL K. NALLEY, et al.,

      Defendants.

CIVIL ACTION
No. 08-3160-SAC

**MEMORANDUM AND ORDER**

This matter comes before the court on a civil rights action filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) by a prisoner in federal custody. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis.

*Motion to proceed in forma pauperis*

By an earlier order, the court directed plaintiff to submit an initial partial filing fee of $31.50. Plaintiff filed a response stating, in part, that he could not pay the fee due to other filing fee obligations. Having considered the record, the court will grant leave to proceed in forma pauperis and will direct collection action pursuant to 28 U.S.C. § 1915(b)(2), which requires the payment of the full filing fee in installment

payments.

**Background**

Plaintiff was convicted in the United States District Court for the District of Maryland on charges including racketeering, conspiracy to commit racketeering, conspiracy to distribute and possession with the intent to distribute narcotics, malicious destruction of a building and vehicle by fire, use of fire to commit a felony, two counts of witness tampering, and mail fraud. He was sentenced to 600 months in prison. *U.S. v. Gross*, 199 Fed. Appx. 219 (4th Cir. 2006).

Here, plaintiff alleges he was incorrectly identified in the media as an informant, and, as a result, he has encountered considerable difficulty within the federal prison system. He has been incarcerated in a number of federal penal facilities and has spent much of his incarceration in segregation to provide a more secure environment. He alleges these more restrictive conditions have created inhumane conditions of confinement that violate the Eighth Amendment.

Plaintiff commenced this action against Bureau of Prisons Regional Director Michael Nalley and an unknown regional director while incarcerated in the United States Penitentiary-Big Sandy, in Inez, Kentucky. He claims he was transferred to the United States Penitentiary, Beaumont, Texas, despite his

verified need for protection from inmates in the population there, resulting in his placement in protective housing. He appears to allege this placement resulted in an increased punishment. As relief, he seeks an injunction barring future administrative detention, damages, and the entry of a cease and desist order to prison officials.

The court takes notice that in late June 2008, plaintiff filed complaints substantially similar to the present matter in the U.S. District Court for the Southern District of Indiana, the U.S. District Court for the Eastern District of Kentucky, and the U.S. District Court for District of Columbia. *See Gross v. Lappin*, 648 F.Supp.2d 48, 50-51 and n.2 (D.D.C. 2009).

All of those matters have been resolved against the plaintiff. First, in *Gross v. Unknown Director of the Bureau of Prisons, et al.*, 2008 WL 2280094 (E.D. Ky. May 30, 2008), the U.S. District Court for the Eastern District of Kentucky summarily dismissed all claims with prejudice, finding that plaintiff did not claim that prison officials had failed to provide adequate protection, but merely that they had not provided such protection in the less restrictive setting he preferred.

Next, in *Gross v. Lappin, et al.*, 648 F.Supp.2d 48 (D.D.C. 2009), the United States District Court for the District of

3

Columbia granted defendants' motion to dismiss on the ground of res judicata. The court noted that plaintiff named the Director of the BOP as a defendant in both the complaint before it and in the action filed in the Eastern District of Kentucky, that the factual allegations in the two cases were nearly identical, and that the U.S. District Court for the Eastern District of Kentucky had entered a final judgment. *Gross*, 648 F.Supp.2d at 52-53.

Finally, in *Gross v. Veach*, Case No. 08-254, the U.S. District Court for the Southern District of Indiana granted defendants summary judgment, noting the persuasive value of the decision entered in the Eastern District of Kentucky, and finding that "no viable claim ... has been presented by Gross in this case."[1]

**Discussion**

The court has examined the record and concludes this matter should be summarily dismissed. First, Plaintiff's claims have been thoroughly considered in the related cases. Any further review is barred by principles of res judicata, which is "intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent incon-

---

[1] A copy of this unpublished order is attached.

sistent decisions, and encourage reliance on adjudication."
*Satsky v. Paramount Communications, Inc.,* 7 F.3d 1464, 1467
(10th Cir. 1993). There can be no doubt that plaintiff's claims
have been considered and rejected on the merits. "'[A] party
who has had a full opportunity to present a contention in court
ordinarily should be denied permission to assert it on some
subsequent occasion.'" *See Park Lake Res. L.L.C. v. USDA,* 378
F.3d 1132, 1135-36 (10th Cir. 2004)(citation omitted).

Moreover, even if this matter were to be considered on its
merits, the court agrees with the conclusion that plaintiff
states no claim for relief.

First, plaintiff acknowledges that he requires protection
from inmates, particularly inmates from the Baltimore, Maryland,
area, who believe he assisted the government.

Prison officials have a duty under the Eighth Amendment to
to protect prisoners from violence at the hands of other
inmates. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994). Where
a prisoner is at risk of violence from other inmates,
administrative segregation serves a legitimate penological
interest. *Estate of DiMarco v. Wyoming Department of
Corrections,* 473 F.3d 1334, 1342 (10th Cir. 2007)(promoting the
safety of an inmate is a legitimate factor in the decision to
segregate that inmate). While plaintiff would prefer a set-

ting in which he might function in general population, he has no right to the housing assignment he prefers.  *See Hewitt v. Helms,* 459 U.S. 460, 468 (1983)("transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence"), *overruled on other grounds by Sandin v. Conner,* 515 U.S. 472 (1995).  In any event, given the mobility of the federal prison population, it surely would be impracticable to ask prison officials to identify a facility in which the plaintiff's need for security could be matched with a population that has no inmates from the Baltimore area.  Thus, plaintiff's placement in segregation, while restrictive, affords the necessary flexibility to prison officials while providing plaintiff the additional protection he requires.  Such placement does not violate the Eighth Amendment.

Finally, it is noteworthy that plaintiff has not alleged that he suffered any physical harm.  Thus, plaintiff's claim arising under the Eighth Amendment is barred by the Prison Litigation Reform Act, which includes the provision that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior

showing of physical injury." 42 U.S.C. § 1997e(e).

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall commence and continue pursuant to 28 U.S.C. § 1915(b)(2) until plaintiff satisfies the filing fee of $350.00.

IT IS FURTHER ORDERED this matter is dismissed and all relief is denied.

Copies of this order shall be transmitted to the plaintiff and to the finance office of the facility where he is incarcerated.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 28th day of June, 2011.

> S/ Sam A. Crow
> SAM A. CROW
> United States Senior District Judge